NO. 07-08-0377-CR

NO. 07-08-0378-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



APRIL 15, 2009



______________________________





PETER CAUDILLO, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NOS. A12823-9710 AND A12824-9710; HON. ED SELF, PRESIDING



_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Peter Caudillo, pro se, filed a notice of appeal of revocations of
community supervision. Appellant was placed on community supervision after being
convicted of manufacture or delivery of a controlled substance in penalty group one. 
Following revocation, the trial court sentenced appellant to two years incarceration in the
State Jail Division of the Texas Department of Criminal Justice in each cause and
assessed a $10,000 fine in cause number 07-08-0378-CR. We dismiss these appeals for
want of prosecution.
          After appellant filed his notice of appeal, both the clerk and reporter filed motions
for extension of time to file the record indicating that appellant had neither paid or made
arrangements to pay for preparation of the records nor had designated the items to be
included in the records in these causes. We granted the clerk and reporter extensions of
30 days. However, upon reaching the extended deadlines, we again received motions for
extension from both the clerk and reporter which indicated that appellant had still not paid
or made arrangements to pay for the record nor had designated the items to be included
in the records. We again granted the clerk and reporter extensions of 30 days. In addition,
by letters dated January 28, 2009 and January 30, 2009, this Court informed appellant of
his failure to comply with the requirements of Texas Rule of Appellate Procedure 35.3 and
gave him until March 3, 2009 to ensure that the records were filed with this Court or to file
a certification from the clerk and reporter that appellant had complied with the rule. See
Tex. R. App. P. 35.3(a)(2), (b)(2), (3). Appellant was also notified, by these letters, that a
failure to comply with the rule could result in the appellate court deciding those issues that
do not require a reporter’s record, see Tex. R. App. P. 37.3(c), or dismissal of the appeals
for want of prosecution, see Tex. R. App. P. 37.3(b). To date, appellant has not responded
to our letters nor have we received any indication from the clerk or reporter that appellant
has taken appropriate action to comply with the requisites of the rule. In fact, on March 4,
2009, this Court received a third request for extension of time to file the clerk’s record that
again indicates that appellant has not paid or made arrangements to pay for preparation
of the clerk’s record.
          Because no clerk’s record has been filed in these appeals due to the fault of
appellant and after this Court has afforded appellant reasonable opportunity to comply with
the requisites, we now dismiss these appeals for want of prosecution. See Tex. R. App. P.
37.3(b).


Mackey K. Hancock

Justice

Do not publish.